THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BENNY JACKSON, Defendant-Appellant.

(No. 74-109;

Fifth District—May 9, 1975.

Stephen P. Hurley and Michael J. Rosborough, both of State Appellate Defender's Office, of Mt. Vernon, and Karen Munoz, Research Assistant, for appellant.

Donald E. Irvin, State's Attorney, of Mt. Vernon (Bruce D. Irish and Myra J. Brown, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GEORGE MORAN delivered the opinion of the court:

Defendant appeals from his conviction of driving while intoxicated in violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501(h)).

The State's evidence at trial showed that the defendant was arrested in the 1400 block of South 26th Street in Mount Vernon, Illinois, on the evening of September 29, 1973.

A resident of the block, Ruth Trotter, testified that it was foggy that night and that she heard a "terrific" noise at approximately 8 or 8:30 P.M. She looked out her front window and saw a car across the street in the ditch facing east, but could not determine who was driving it. There were no street lights in that block.

Ruth Trotter's 16-year-old son confirmed that it was damp and misting when the incident occurred at approximately 8 P.M. He went out to assist the car in the ditch and found the defendant in the front seat, slumped over the steering wheel. He thought the defendant was injured, but the defendant woke up or responded when he shouted. The defendant took the keys from the ignition and gave them to Trotter in order

that Trotter might look in the trunk for a jack. He could not locate the base of the jack, so the defendant got out of the car and helped in the search. The witness stated that while looking in the trunk:

"I thought I seen, I think I seen a big bottle of whiskey in there; I can't tell you for sure but I thought there was one."

He indicated further that the bottle which he thought he saw was empty.

Trotter also testified that in trying to assist the defendant, he detected a "small" smell of liquor in the car. From his experience in smelling empty liquor bottles along the roadside and in working as a restaurant busboy, he was further able to opine that the liquor in question was whiskey. He further testified that the defendant's speech was jumbled and that in his opinion the defendant looked drunk or intoxicated.

After Trotter and the defendant located the base of the jack, the defendant returned to his seat in the car and Trotter went to the neighbor's house to borrow a chain. When he returned to the car 5 or 10 minutes later, the police had arrived.

The testimony of both arresting police officers, Tony Marlow and Jim Alexander, was substantially the same. Both testified that the defendant was in his car, behind the wheel, when they arrived. He had to be helped from his car to the squad car, and fumbled through his billfold for several minutes when asked to produce his driver's license. According to Alexander, the defendant did not find it.

Both officers testified that there was a strong odor of liquor in the car, that the defendant's speech was incoherent, that he was unsteady on his feet, was not alert, did not speak clearly, had no noticeable bruises nor complained of any pain, and fell asleep at the station during questioning and could not be awakened.

Defendant contends that (1) he was not proven guilty beyond a reasonable doubt, because of the insufficiency of the evidence of his alleged intoxication; and (2) that he was prejudiced by a police officer's testimony concerning the defendant's alleged alcoholism and refusal to take a breathalyzer test.

No objection was made to the testimony concerning defendant's refusal to take a breathalyzer test.

We have reviewed the record and find that no error of law appears, that the judgment is not against the manifest weight of the evidence and that an opinion would have no precedential value.

We therefore affirm in accordance with Supreme Court Rule 23 (Ill. Rev. Stat. 1973, ch. 110A, par. 23).

Judgment affirmed.

JONES and CARTER, JJ., concur.